COMMISSIONER OF the INDIANA DE-
PARTMENT OF ENVIRONMENTAL
MANAGEMENT, Plaintiff,

v.

TERRE HAUTE, BRAZIL & EASTERN
RAILROAD, INC., Girard Point Trans-
fer Station, Inc., United Waste Remov-
al, Inc., and O.K. Storage, Transfer &
Cartage, Inc., Defendants.

No. TH 89–256–C.

United States District Court,
S.D. Indiana,
Terre Haute Division.

Feb. 19, 1991.

Michael Schaefer, Mary Ann Habeeb,
Dist. Attys. Gen., Richard Gordon, Deputy
Com'r, Ind. Dept. of Environmental
Management, Indianapolis, Ind., for plain-
tiff.

George M. Plews, Sue A. Shadley, Peter
M. Racher, Pendygraft Plews & Shadley,
Indianapolis, Ind., for Girard Point Trans-
fer Station, Inc.

Alan K. Mills, Mark E. Shere, Barnes &
Thornburg, Indianapolis, Ind., for United
Waste Removal, Inc.

## MEMORANDUM

BROOKS, Chief Judge.

This matter is before the Court upon
Motion to Remand by the Plaintiff, the
Commissioner of the Indiana Department
of Environmental Management. The Plain-
tiff commenced this action in the Clay Cir-
cuit Court on October 18, 1989. On Octo-
ber 26, 1989, Defendant Girard Point
Transfer Station, Inc. removed the matter
to this Court.

The basis of the motion to remand is that
the Department feels that its complaint
relies solely on state law. Girard Point

agrees that no federal issue was pleaded in the complaint but insists that this matter lies in an area that is completely pre-empted by federal law. On that basis, Girard Point believes removal is proper.

The Department in its complaint alleges a violation of IC 13–7–4–1(6). That statute provides that no person shall:

> Construct, install, operate, conduct, or modify, without prior approval of the department, any equipment or facility of any type which may cause or contribute to pollution or which may be designed to prevent pollution. However, the commissioner or the appropriate board may approve experimental uses of any equipment, facility, or pollution control device as is deemed necessary for the further development of the state of the art of pollution control.

Under 28 U.S.C. § 1441, any state court civil action over which the federal district courts have original jurisdiction may be removed to the district court. Absent diversity of citizenship, federal-question jurisdiction is required. "The presence or absence of federal-question jurisdiction is governed by the 'well-pleaded complaint rule,' which provides that federal jurisdiction exists only when a federal question is presented on the face of the plaintiff's properly pleaded complaint." *Caterpillar Inc. v. Williams*, 482 U.S. 386, 392, 107 S.Ct. 2425, 2429, 96 L.Ed.2d 318 (1987).

In the present situation, no federal question is presented on the face of the Plaintiff's complaint. Girard Point argues that the real nature of the Department's claim is an attempt to assert licensure power over defendants and that such an attempt is preempted by federal law regarding interstate commerce. "Since 1887 it has been settled law that a case may not be removed to federal court on the basis of a federal defense, including the defense of pre-emption, even if the defense is anticipated in the plaintiff's complaint, and even if both parties admit that the defense is the only question truly at issue in the case." *Franchise Tax Board of California v. Construction Laborers Vacation Trust for Southern California*, 463 U.S. 1, 14,

103 S.Ct. 2841, 2848, 77 L.Ed.2d 420 (1983). Clearly, Girard Point is raising pre-emption as a defense to the allegations of the complaint. If the law were actually that simple, this case would be easy to decide but that is not the case. There exists an independent corollary to the well-pleaded complaint rule known as the complete pre-emption doctrine. "On occasion, the Court has concluded that the pre-emptive force of a statute is so 'extraordinary' that it converts an ordinary state common-law complaint into one stating a federal claim for purposes of the well-pleaded complaint rule. Once an area of state law has been completely pre-empted, any claim purportedly based on that preempted state law is considered, from its inception, a federal claim, and therefore arises under federal law." *Caterpillar Inc. v. Williams*, 482 U.S. 386, 393, 107 S.Ct. 2425, 2430, 96 L.Ed.2d 318 (1987) (citations omitted).

Girard Point argues that the Department may not avoid having an essentially federal claim adjudicated in a federal court by artfully drafting the complaint exclusively in terms of state law. This "artful pleading" doctrine is another qualification of the well-pleaded complaint rule. Although ordinarily a pre-empted claim may not be removed to federal court, this doctrine provides the rationale for the assertion of federal jurisdiction in some cases. Without such a doctrine, a plaintiff could prevent a defendant's right of removal by simply omitting from his complaint direct reference to those essential elements of his claim which would serve to identify it as one grounded in federal law. By its very terms, the "artful pleading" doctrine requires that the plaintiff have some type of federal claim to assert. It indicates an attempt to avoid federal jurisdiction either because of a preference to remain in state court or some other fraudulent purpose.

The distinction between the usual situation where the claim is pre-empted, but not removable and where the claim is removable because of artful pleading, "lies in whether the removing court must look beyond plaintiff's complaint, to the petition for removal or the answer, to find a federal

question or whether the facts alleged were sufficient to state a federal cause of action on the face of the complaint. The former is not removable; the latter is removable because artfully pled." *Garibaldi v. Lucky Food Stores, Inc.*, 726 F.2d 1367, 1370, n. 5 (9th Cir.1984). In this situation, it is abundantly clear that no federal question lies on the face of the Plaintiff's complaint. To find a federal question, the Court must look beyond the complaint. In other words, the pre-emption claim is an assertion of a defense which may not be used to provide federal question jurisdiction.

■ The other problem Girard Point has with its claim of preemption is that no demonstration of a federal remedy for the Department's claims have been shown. This Court believes that "a state law claim may be recharacterized as a federal claim only when the state law claim is preempted by federal law and when it is apparent from a review of the complaint that federal law provides plaintiff a cause of action to remedy the wrong he asserts he suffered." *Hunter v. United Van Lines*, 746 F.2d 635, 643 (9th Cir.1984), *cert. denied*, 474 U.S. 863, 106 S.Ct. 180, 88 L.Ed.2d 150, *rehearing denied*, 474 U.S. 1014, 106 S.Ct. 547, 88 L.Ed.2d 476. Logically, removal would have to be improper if the federal law allegedly pre-empting the state cause of action did not replace it with a federal cause of action. Otherwise, how could a plaintiff avoid a federal cause of action if no such action exists. Girard Point has failed to indicate any remedy under the Interstate Commerce Act for a violation of the Indiana statute in question. Removal is not proper without a showing of some remedy for these claims.

For the reasons set forth in this memorandum, the Court must order that this cause of action be remanded back to the Clay Circuit Court in the State of Indiana.

It is so ORDERED.